FILED



*9:48 am, 6/27/24*

**Margaret Botkins**
**Clerk of Court**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| UNITED STATES OF AMERICA | Case Number: 1:22-CR-00147-ABJ-1 |
|---|---|
| vs | |
| JHOEL HERNANDEZ-BAEZ | Defendant's Attorney(s): Andrew Francisco |

### AMENDED¹ JUDGMENT IN A CRIMINAL CASE

THE DEFENDANT pled guilty to count 1.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title and Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 8 U.S.C. § 1326(a) and (b)(2) | Illegal Re-Entry of Previously Deported Alien into the United States | October 20, 2022 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's USM No: **96287-510**

June 20, 2024
Date of Imposition of Sentence

Alan B. Johnson
United States District Judge

Date 6/25/24

---

¹ Amended to add Standard Conditions of Supervision

## PROBATION

The defendant is hereby placed on supervised probation for a term of 18 months.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance and must submit to one drug test within 15 days of release from imprisonment and at least at least two periodic drug tests thereafter, not to exceed ten (10) drug tests per month, for use of controlled substance, but the condition stated in this paragraph may be ameliorated or suspended by the court for any individual defendant if the defendant's presentence report or other reliable information indicates a low risk of future substance abuse by the defendant.

If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine.

The defendant shall (A) make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. § 3013. If there is a court-established payment schedule for making restitution or paying the assessment (see 18 U.S.C. § 3572(d)), the defendant shall adhere to the schedule.

The defendant shall submit to the collection of a DNA sample at the direction of the United States Probation Office if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

The defendant shall comply with the standard conditions that have been adopted by this court (set forth on the following page). The defendant shall also comply with the following additional conditions:

The defendant shall maintain full-time employment.

The defendant shall not change his employment or residence without first informing his supervising Probation Officer.

The defendant shall refrain from use or possession of alcohol and the use or possession of a narcotic drug or other controlled substance defined in 12 U.S.C. 802, unless prescribed by a licensed medical practitioner. He shall not enter bars, lounges, or liquor stores.

The defendant shall submit to drug and alcohol testing as directed by the U.S. Probation Officer. The defendant shall not obstruct or attempt or tamper with, in any fashion, the collection, the efficiency and accuracy of any substance abuse testing.

The defendant shall submit to a search of person, residence, vehicle, or office based upon reasonable suspicion of a violation of the defendant's conditions of supervision.

The defendant shall comply with the directives of the Bureau of Immigration and Customs Enforcement.

If deported, the defendant shall not illegally reenter the United States.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of the time the defendant was sentenced or released from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

3. The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant shall answer truthfully the questions asked by the probation officer.

5. The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view.

7. The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or the job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

10. The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).

11. The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may, after obtaining Court approval, require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

13. The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

## FINANCIAL PENALTIES

The defendant shall pay the following total financial penalties in accordance with the schedule of payments set out below.

| Count | Assessment | Restitution | Fine |
|---|---|---|---|
| 1 | $100.00 | | |
| Notes: | | | |
| **Totals:** | $100.00 | | |

The court has determined that the defendant does not have the ability to pay interest or penalties and it is ordered that:

    The interest and penalties not be applied to fine and/or restitution.

## SPECIAL ASSESSMENT

IT IS ORDERED the defendant shall pay a special assessment fee in the amount of $100.00, which shall be due immediately. Payments for monetary obligations shall be made payable by cashier's check or money order to the Clerk of the U.S. District Court, 2120 Capitol Avenue, Room 2131, Cheyenne, Wyoming 82001. The defendant shall pay all financial obligations immediately. Any amount not paid immediately shall be paid commencing 60 days after his/her sentencing in monthly payments of not less than 10% of the defendant's gross monthly income. All monetary payments shall be satisfied not less than 60 days prior to the expiration of the term of supervised release.

Any unpaid balance of the special assessment shall be remitted upon deportation of the defendant.